UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1610-CJC (SP) | Date | February 25, 2021 |
|---|---|---|---|
| Title | KASHIF RAHHIMAN v. ALEX VILLANUEVA | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | n/a | n/a | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**   **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Under *Younger* Abstention Doctrine**

On February 17, 2021, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner is a pretrial detainee currently awaiting trial on criminal charges in the Los Angeles County Superior Court. This is the third habeas petition he has filed in this court. Although petitioner here raises different claims than those he raises in his petitions filed in case numbers CV 20-10606 and CV 20-11825, the petition in this case suffers from a similar defect.

Petitioner here alleges his Fourth Amendment rights were violated when his vehicle was seized without a warrant, and challenges the trial court's denial of his suppression motion. Petitioner asks this federal court to intervene in his state case by reversing the suppression motion denial, dismissing the state case, and ordering him released from custody.

This court having reviewed the Petition, it appears the Petition is subject to dismissal because, under the *Younger* Abstention Doctrine, this court must abstain from intervening in the ongoing state criminal proceedings. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address this issue.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **March 29, 2021**. The court further directs petitioner to review the information that follows, which provides additional explanation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1610-CJC (SP) | Date | February 25, 2021 |
|---|---|---|---|
| Title | KASHIF RAHHIMAN v. ALEX VILLANUEVA | | |

as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

### *Younger* Abstention Doctrine

The *Younger* Abstention Doctrine prohibits federal courts from staying or enjoining pending state criminal court proceedings or "considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that extraordinary circumstances warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (internal quotation marks omitted); *see Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

The first two *Middlesex* elements for the *Younger* Abstention Doctrine to be invoked are plainly present here. There is an ongoing state proceeding, i.e., the criminal case against petitioner. And the criminal proceeding implicates important state interests because it involves an alleged violation of state criminal law that is being adjudicated in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (enforcement of state court judgments and orders implicates important state interests); *see also People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty.").

The third *Middlesex* element also appears to be met. By petitioner's own account, he raised his constitutional claim in the Superior Court by filing a motion to suppress. Further, he states he has appealed the matter to the California Court of Appeal and California Supreme Court. It is therefore appears that the state court criminal proceedings have provided and will provide an adequate opportunity for petitioner to litigate the claims he seeks to raise here. And if petitioner is convicted, he may raise the claims on appeal. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1610-CJC (SP) | Date | February 25, 2021 |
|---|---|---|---|
| Title | KASHIF RAHHIMAN v. ALEX VILLANUEVA | | |

*Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Petitioner here faces no such procedural bars.

For this court to grant the relief petitioner requests, or even to allow this case to proceed, would amount to interfering with the trial of petitioner's state criminal case. There appear to be no "extraordinary circumstances" present here that would warrant federal intervention. As such, it appears this court must abstain under *Younger*.

## Petitioner's Options

If petitioner contends there are grounds for this court to intervene in the ongoing state case notwithstanding the *Younger* Abstention Doctrine, he must clearly explain this in a written response to this Order to Show Cause. Petitioner must file with the court a written response to the Order to Show Cause on or before **March 29, 2021.** In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **March 29, 2021**.

**The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed under the *Younger* Abstention Doctrine, for failure to prosecute, and/or for failure to obey court orders.**